## RICHARDSON v. DASARA

---

(December 10, 1928. Opinion and Decree.)
(January 7, 1929. Rehearing Refused.)

---

John J. Reilley, of New Orleans, attorney for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, a sub-contractor, sued Carl Richardson, the contractor and Steve Dasara, the owner, for the balance due him in the sum of $450.00, for work and material furnished on certain property owned by Dasara.

There was judgment below as prayed for, and defendant, Steve Dasara, has appealed.

The record is made up entirely of testimony, administered on behalf of plaintiff, and it establishes that the defendant, Carl Richardson, contracted with Dasara, the owner, under a written agreement to do certain work for the sum of $2,193.60; that Tom Richardson, the plaintiff, was given a sub-contract for papering and painting amounting to $846.00, of which $390.00 was paid on account; that plaintiff finished his work on the 29th day of October, 1925, and that about eight days thereafter, on the 9th day of November, he recorded a lien and privilege in the Mortgage Office of the Parish of Orleans, and on the same day, caused a sworn account to be served on the owner; that the owner paid to the contractor the full amount due under the written contract, but failed to require any bond or security from the contractor.

The liability of the contractor is not disputed and he has not appealed. Dasara's responsibility is based upon Act 139 of 1922, as amended by Act 230 of 1924, to the effect that the owner, who fails to require a bond from a building contractor is liable to sub-contractors and furnishers of materials for their unpaid accounts "to the same extent that a surety would have been." Dixie Building & Material Company, Inc., vs. Chartier, 8 La. App. 469.

It is conceded that the application of the law cited, to the established facts in this case, sustains the position of plaintiff, but it is contended that the Acts of 1922 and 1924 are unconstitutional because of conflict with Article I, Section 2 of the Constitution of Louisiana of 1921, and with

the 14th Amendment of the Constitution of the United States, in that the Act operates the taking of property, without due process of law. There has been no attempt to support this attack upon the constitutionality of the statute in counsel's brief, and we were not favored with oral argument, the matter having been submitted on brief, consequently, we are not impressed with the sincerity of counsel in this regard. The mere assertion that an act of the Legislature is unconstitutional, without elaboration in argument, or brief, and without citation of authority, is insufficient to stimulate judicial scrutiny, and the Court will indulge the presumption that the law is constitutional.

The judgment appealed from is correct and for the reasons assigned it is affirmed.